UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| MELISSA PETREY, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5: 19-298-DCR |
| | ) |
| V. | ) |
| | ) |
| ETHICON, INC. and JOHNSON & JOHNSON, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| | ) |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Ethicon, Inc. ("Ethicon"), a subsidiary of Johnson & Johnson, produced a prescription pelvic mesh medical device called TVT Exact. Plaintiff Melissa Petrey underwent a surgical procedure in March 2017 during which TVT Exact was implanted in her body. Petrey filed suit in Fayette County Circuit Court on June 24, 2019, alleging that the TVT Exact was defective and that she sustained injuries as a result of its use in her surgery. The defendants removed the action to this Court and filed a motion to dismiss several of Petrey's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the defendants' motion will be granted.

I.   **Standard of Review**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is not akin to probability.

It does require more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. While detailed factual allegations are not necessary, a plaintiff is required to offer more than a recitation of the elements of the cause of action or conclusory allegations. *Id.*

## II. Discussion

Petrey agrees that several of her claims may be dismissed, but indicates that they should be dismissed without prejudice. These claims include: negligent manufacturing defect (count I); strict liability—manufacturing defect (count II); strict liability—defective product (count IV); common law fraud (count VI); fraudulent concealment (count VII); constructive fraud (count VIII); negligent misrepresentation (count IX); breach of express warranty (count XI); and breach of implied warranty (count XII). She did not provide a substantive response to the defendants' arguments regarding dismissal of these claims. Although the Court could dismiss these claims with prejudice based on Petrey's failure to respond, *see* L.R. 7.1(c), it appears that the defendants largely agree with Petrey's request to dismiss the claims without prejudice. [*See* Record No. 8, p. 10] Accordingly, these claims which have not been fully briefed by the parties will be dismissed without prejudice.

Petrey, however, objects to the defendants' motion to dismiss her claims for negligent infliction of emotional distress (count X); violations of the Kentucky Consumer Protection Act (count XIII); punitive damages (count XVI); and "discovery rule & tolling" (count XVII). Additionally, the defendants contend that Petrey's breach of warranty claims should be dismissed with prejudice.

### A. Negligent Infliction of Emotional Distress

To state a claim for negligent infliction of emotional distress, the plaintiff must first satisfy the elements of a general negligence claim. *Estate of Crutcher v. Trover*, No. 2012-

It does require more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. While detailed factual allegations are not necessary, a plaintiff is required to offer more than a recitation of the elements of the cause of action or conclusory allegations. *Id.*

## II. Discussion

Petrey agrees that several of her claims may be dismissed, but indicates that they should be dismissed without prejudice. These claims include: negligent manufacturing defect (count I); strict liability—manufacturing defect (count II); strict liability—defective product (count IV); common law fraud (count VI); fraudulent concealment (count VII); constructive fraud (count VIII); negligent misrepresentation (count IX); breach of express warranty (count XI); and breach of implied warranty (count XII). She did not provide a substantive response to the defendants' arguments regarding dismissal of these claims. Although the Court could dismiss these claims with prejudice based on Petrey's failure to respond, *see* L.R. 7.1(c), it appears that the defendants largely agree with Petrey's request to dismiss the claims without prejudice. [*See* Record No. 8, p. 10] Accordingly, these claims which have not been fully briefed by the parties will be dismissed without prejudice.

Petrey, however, objects to the defendants' motion to dismiss her claims for negligent infliction of emotional distress (count X); violations of the Kentucky Consumer Protection Act (count XIII); punitive damages (count XVI); and "discovery rule & tolling" (count XVII). Additionally, the defendants contend that Petrey's breach of warranty claims should be dismissed with prejudice.

### A. Negligent Infliction of Emotional Distress

To state a claim for negligent infliction of emotional distress, the plaintiff must first satisfy the elements of a general negligence claim. *Estate of Crutcher v. Trover*, No. 2012-

CA-1841-MR, et al., 2016 WL 106283, at *11 (Ky. Ct. App. Jan. 8, 2016) (citing *Osborne v. Keeney*, 399 S.W.3d 1, 6 (Ky. 2012)). In addition to this threshold requirement, the plaintiff must establish that she has suffered a severe or serious emotional injury that is greater than a reasonable person could be expected to endure under the circumstances. *Id.* at *11-*12. "Distress that does not affect the plaintiff's everyday life or require significant treatment will not suffice." *Keaton v. G.C. Williams Funeral Home*, 436 S.W.3d 538, 544 (Ky. Ct. App. 2013) (quoting *Osborne*, 399 S.W.3d at 17-18).

Petrey alleges in count X of the Complaint that the defendants' conduct has caused her "emotional distress, severe physical injuries, economic losses, and other damages. . . ." [Record No. 1-1, ¶ 91] But Petrey has not provided any factual support regarding her claim of emotional distress. She has not identified any facts explaining how her alleged emotional distress has affected her daily life or that it has required treatment. Additionally, she has not described the alleged emotional distress as severe or serious.

In response to the defendants' motion to dismiss, Petrey does not attempt to bolster her claim and, instead, simply repeats the allegation that she has suffered "physical injury and emotional distress, disability, impairment, and loss of enjoyment of life" as a result of the defendants' actions. Put simply, the claim does not include enough factual support to suggest that Petrey suffered severe emotional injury, as required for a claim of negligent infliction of emotional distress. Accordingly, this claim will be dismissed.

**B.     Kentucky Consumer Protection Act**

The Kentucky Consumer Protection Act ("KCPA"), K.R.S. §§ 367.110 *et seq.*, protects consumers from "unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce." *Skilcraft Sheetmetal, Inc. v. Kentucky Machinery, Inc.*, 836 S.W.2d 907,

909 (Ky. Ct. App. 1992) (quoting K.R.S. § 367.170(1)). The KCPA provides a private right of action to any person who purchases or leases goods primarily for personal use and suffers the loss of money or property due to the defendant's unlawful acts. K.R.S. § 367.220(1). Petrey claims that the defendants violated the KCPA in a variety of ways, including engaging in deceptive advertising. [Record No. 1-1, ¶¶ 116-34]

Petrey's claim under the KCPA is time-barred. She reports that she underwent surgery using the defendant's product on March 7, 2017, and does not allege that the defendants committed any violation of the Act after that date. Section 367.220 of the KCPA provides that "any person bringing an action under this section must bring such action within . . . two (2) years after the *violation* of K.R.S. § 367.170." (emphasis added). Petrey filed suit on June 24, 2019, more than two years after the date of her surgery.

Petrey claims that the "discovery rule" should apply to her claim such that the statute of limitations did not begin running until she realized she had been harmed by the defendants' product. However, the plain language of § 367.220 belies this argument. And while there does not appear to be published state-court authority on this issue, a published federal district court case indicates that the discovery rule does not apply to claims under the KCPA. *See Arnold v. Liberty Mut. Ins. Co.*, 392 F. Supp. 3d 747, 767 (E.D. Ky. 2019) (citing *Cook v. State Farm Mut. Auto Ins. Co.*, 2002-CA-801-MR, 2004 WL 2011375, at *4 (Ky. Ct. App. Sept. 10, 2004)). And the plaintiff has not identified any authority suggesting that the discovery rule applies to KCPA claims.

Alternatively, Petrey's claim under the KCPA fails because she was not in privity of contract with the defendants. In other words, Petrey does not allege that she purchased the TVT Exact directly from the defendants. In *Skilcraft*, the Kentucky Court of Appeals

explained that privity of contract *(i.e.,* a buyer-seller relationship) must exist between the parties in a suit alleging a violation of the KCPA. 836 S.W.2d at 909.

And contrary to Petrey's suggestion, the Kentucky Supreme Court's decision in *Craig & Bishop, Inc. v. Piles*, 247 S.W.3d 897 (Ky. 2008), does not alter this conclusion. In *Piles*, the plaintiff tentatively agreed to purchase a car from the defendant car dealership. *Id.* at 900. Although the financing details had not been finalized, the defendant took the plaintiff's car as a trade-in and allowed the plaintiff to drive the new vehicle home. *Id.* at 900-01. When appropriate financing could not be obtained, the defendant demanded that the plaintiff pay the full purchase price or risk having the car repossessed. The plaintiff lacked sufficient funds to pay for the car and returned it to the dealership. *Id.* at 901.

The would-be purchaser brought suit, alleging that the car dealership had violated the KCPA. The dealership argued that since the plaintiff did not actually purchase the car, she was ineligible to bring an action under the KCPA. *Id.* at 902. The Kentucky Supreme Court rejected this notion, reasoning that the plaintiff was a purchaser within the meaning of the KCPA. While "purchase" is not defined in the Act, Kentucky's Uniform Commercial Code defines it as "taking by sale, lease, discount, negotiation, mortgage, pledge, lien, security interest, issue or reissue, gift, or any other voluntary transaction creating an interest in property." *Id.* (quoting K.R.S. § 355.1-201(2)(ac)).

The court concluded that the plaintiff had taken possession of the new car and had given value by signing over the title to the old automobile. While the contract was not finalized, there was a "purchase," allowing the plaintiff to bring suit under the KCPA. Nothing in the court's opinion indicates that privity of contract is no longer required.

Petrey also relies on *Naiser v. Unilever U.S., Inc.*, 975 F. Supp. 2d 727 (W.D. Ky. 2013), in which consumers purchased hair products from various retail stores in Kentucky. The plaintiffs were permitted to sue Unilever, the manufacturer, under the KCPA. The court reasoned that an exception to the privity requirement existed because Unilever had made express warranties directly to the intended consumers. *Id.* at 743 (citing *Skilcraft*, 836 S.W.2d at 909; *Ford Motor Co. v. Mayes*, 575 S.W.2d 480 (Ky. Ct. App. 1978)).

The exception recognized in *Naiser* has been called into doubt. In *Simpson v. Champion Petfoods USA, Inc.*, 2019 WL 2571893 (E.D. Ky. June 21, 2019), a consumer sued a pet food manufacturer under the KCPA based on alleged misrepresentations on the food's labeling. The court concluded that the plaintiff, who purchased the food from third-party vendors, could not bring a KCPA claim against the manufacturer because there was no privity of contract. The court concluded that, in recognizing an exception to the privity requirement, the court in *Naiser* had disregarded binding precedent and improperly extended Kentucky law. *Id.* at *10.

Assuming *arguendo* that *Naiser* is a correct application of Kentucky law, Petrey does not allege that the defendants made express warranties directly to her. Notably, Petrey has agreed to dismissal of her claims for breach of warranty. Based on the foregoing, Petrey's claim under the KCPA will be dismissed.

### C. Punitive Damages

The plaintiff alleges in count XVI that the defendants have engaged in "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which raises the presumption of conscious indifference to consequences, thereby justifying an award of punitive damages." [Record No. 1-1, ¶ 161] However, punitive damages is not a standalone

Petrey also relies on *Naiser v. Unilever U.S., Inc.*, 975 F. Supp. 2d 727 (W.D. Ky. 2013), in which consumers purchased hair products from various retail stores in Kentucky. The plaintiffs were permitted to sue Unilever, the manufacturer, under the KCPA. The court reasoned that an exception to the privity requirement existed because Unilever had made express warranties directly to the intended consumers. *Id.* at 743 (citing *Skilcraft*, 836 S.W.2d at 909; *Ford Motor Co. v. Mayes*, 575 S.W.2d 480 (Ky. Ct. App. 1978)).

The exception recognized in *Naiser* has been called into doubt. In *Simpson v. Champion Petfoods USA, Inc.*, 2019 WL 2571893 (E.D. Ky. June 21, 2019), a consumer sued a pet food manufacturer under the KCPA based on alleged misrepresentations on the food's labeling. The court concluded that the plaintiff, who purchased the food from third-party vendors, could not bring a KCPA claim against the manufacturer because there was no privity of contract. The court concluded that, in recognizing an exception to the privity requirement, the court in *Naiser* had disregarded binding precedent and improperly extended Kentucky law. *Id.* at *10.

Assuming *arguendo* that *Naiser* is a correct application of Kentucky law, Petrey does not allege that the defendants made express warranties directly to her. Notably, Petrey has agreed to dismissal of her claims for breach of warranty. Based on the foregoing, Petrey's claim under the KCPA will be dismissed.

### C. Punitive Damages

The plaintiff alleges in count XVI that the defendants have engaged in "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which raises the presumption of conscious indifference to consequences, thereby justifying an award of punitive damages." [Record No. 1-1, ¶ 161] However, punitive damages is not a standalone

Petrey also relies on *Naiser v. Unilever U.S., Inc.*, 975 F. Supp. 2d 727 (W.D. Ky. 2013), in which consumers purchased hair products from various retail stores in Kentucky. The plaintiffs were permitted to sue Unilever, the manufacturer, under the KCPA. The court reasoned that an exception to the privity requirement existed because Unilever had made express warranties directly to the intended consumers. *Id.* at 743 (citing *Skilcraft*, 836 S.W.2d at 909; *Ford Motor Co. v. Mayes*, 575 S.W.2d 480 (Ky. Ct. App. 1978)).

The exception recognized in *Naiser* has been called into doubt. In *Simpson v. Champion Petfoods USA, Inc.*, 2019 WL 2571893 (E.D. Ky. June 21, 2019), a consumer sued a pet food manufacturer under the KCPA based on alleged misrepresentations on the food's labeling. The court concluded that the plaintiff, who purchased the food from third-party vendors, could not bring a KCPA claim against the manufacturer because there was no privity of contract. The court concluded that, in recognizing an exception to the privity requirement, the court in *Naiser* had disregarded binding precedent and improperly extended Kentucky law. *Id.* at *10.

Assuming *arguendo* that *Naiser* is a correct application of Kentucky law, Petrey does not allege that the defendants made express warranties directly to her. Notably, Petrey has agreed to dismissal of her claims for breach of warranty. Based on the foregoing, Petrey's claim under the KCPA will be dismissed.

### C. Punitive Damages

The plaintiff alleges in count XVI that the defendants have engaged in "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which raises the presumption of conscious indifference to consequences, thereby justifying an award of punitive damages." [Record No. 1-1, ¶ 161] However, punitive damages is not a standalone

claim. "[A] claim for punitive damages is not a separate cause of action, but a remedy potentially available for another cause of action." *Grubbs v. Thermo Fisher Scientific*, No. 13-183-DLB, 2014 WL 1653761, at *3 (E.D. Ky. Apr. 23, 2014) (quoting *Dalton v. Animus Corp.*, 913 F. Supp. 2d 370, 378 (W.D. Ky. 2012)). Accordingly, the plaintiff's claim for punitive damages will be dismissed. She is free to request punitive damages at a later date if sufficient proof is offered in support of such damages.

### D.     Discovery Rule and Tolling

Like punitive damages, "discovery rule and tolling" is not a cause of action. Instead, these are theories under which statutes of limitations may be extended. The Court has already determined that the discovery rule does not apply to the plaintiff's claim under the KCPA. Petrey is free to raise these theories as appropriate going forward but, to the extent this is not an independent claim for relief, it will be dismissed.

### E.     Breach of Express and Implied Warranty

Express warranties in Kentucky are defined as follows:

> (a)     Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
> (b)     Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
> (c)     Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

*Enlow v. St. Jude Medical, Inc.*, 210 F. Supp. 2d 853, 861 (W.D. Ky. 2001) (quoting K.R.S. § 355.2-313-(1).

Additionally, in Kentucky, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." K.R.S.

§ 355.2-314(1). Privity of contract is required to sustain a cause of action under either of these theories. *Waterfill v. Nat'l Molding Corp.*, 215 F. App'x 402, 405 (6th Cir. 2007); *Simpson*, 2019 WL 2571893, at *8, *12; *Allen v. Abbott Labs.*, No. 11-146-DLB, 2012 WL 10508, at *5-6 (E.D. Ky. Jan. 3, 2012) (recognizing narrow exceptions for family members and household guests of buyer). As explained above, Petrey has not alleged that she was in privity of contract with the defendants and, therefore, these claims will be dismissed.

### III.     Conclusion

Based on the foregoing, it is hereby

**ORDERED** as follows:

1.     The defendants' motion to dismiss, in part, [Record No. 4] is **GRANTED**.

2.     The following claims are **DISMISSED**, without prejudice: negligent manufacturing defect (count I); strict liability—manufacturing defect (count II); strict liability—defective product (count IV); common law fraud (count VI); fraudulent concealment (count VII); constructive fraud (count VIII); and negligent misrepresentation; (count IX).

3.     The following claims are **DISMISSED**, with prejudice: negligent infliction of emotional distress (count X); breach of express warranty (count XI); breach of implied warranty (count XII); violations of the Kentucky Consumer Protection Act (count XIII); punitive damages (count XVI); and "discovery rule & tolling" (count XVII).

4.     The following claims remain pending: negligence (other than manufacturing defect) (count I); failure to warn—strict liability (count III); design defect—strict liability (count V); gross negligence (count XIV); and unjust enrichment (count XV).

Dated: October 18, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky